IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NYANIFY, INC. AND CHRISTOPHER ORLANDO TORRES,<br><br>　　Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　Defendants. | Case No.: |

## COMPLAINT

Plaintiffs Nyanify, Inc. and Christopher Orlando Torres (collectively "Nyanify" or "Plaintiff") bring this action against the Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants"). In support of this Complaint, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.　This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., the Copyright Act, 17 U.S.C. § 101 et seq.; and pursuant to 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2.　This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, as each of the Defendants directly targets consumers in the United States, including in Illinois and in this District, through acts of counterfeiting, trademark infringement and copyright infringement, as described herein.

4. Specifically, Defendants, under the cover of aliases, operate Internet enterprises, online marketplaces, profiles, stores and/or accounts (collectively, "Defendant Internet Stores"), through which Defendants sell, to consumers in Illinois and in this District, products bearing, and/or that are sold using, counterfeit or infringing versions of Plaintiff's trademarks and copyrights. Schedule A identifies the aliases Defendant's use ("Defendant Aliases") and URLs associated with each Defendant Internet Store.

5. Each of the Defendants has targeted and sought sales from Illinois residents by operating online stores that offer shipping to the United States, including to addresses in Illinois and in this District, accepting payments in U.S. dollars and, on information and belief, selling products bearing, and/or that are sold using, counterfeit and infringing versions of Plaintiff's federally registered trademarks and copyrights to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois.

## INTRODUCTION

6. Plaintiff files this action against online infringing counterfeiters who, without consent, improperly trade on Plaintiff's reputation and goodwill by using unauthorized, infringing counterfeit, and/or copied versions of Plaintiff's NYAN CAT trademarks (the "Asserted Trademarks") and Plaintiff's copyrighted NYAN Cat Works, to sell, offer for sale, distribute, or advertise infringing products (the "Infringing Products").

7. The United States Patent and Trademark Office has granted Plaintiff registrations for the Asserted Trademarks (the "Trademark Registrations"), specifically U.S. Reg. Nos. 4,376,980, 4,377,351 and 4,457,316. The Trademark Registrations are valid, subsisting, and in full force and effect. True and correct copies of federal trademark registration certificates for the Asserted Trademarks are attached hereto as Exhibits 1 - 3.

8. Nyanify is also the owner of numerous copyright registrations for NYAN CAT-related 2-D artwork (hereinafter, the "NYAN CAT Works"). The NYAN CAT Works are the subject of several copyright registrations awarded by the United States Copyright Office, including those at registration numbers: VA 1-798-668; VA 1-798-676; VAu 1-085-556; VAu 1-085-557; VA 1-798-670; VAu 1-085-560; VA 1-798-673; VA 1-839-405; VAu 1-115-641; VA 1-839-409; VAu 1-115-636; VAu 1-085-559; VA 1-798-672; VAu 1-085-563; VA 1-798-674; VA 1-798-675; VAu 1-114-946 and VAu 1-063-390 (hereinafter, the "Copyright Registrations"). Copies of the copyright registrations are attached herein as Exhibit 4.

9. Defendants have created the Defendant Internet Stores, operate under one or more Defendant Aliases, and are advertising, offering for sale and selling Infringing Products to unsuspecting consumers. Defendant Internet Stores operating under the Defendant Aliases share unique identifiers, establishing a logical relationship between them and suggesting that Defendants' counterfeiting actions arise out of the same transaction or occurrence, or series of transactions or occurrences.

10. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal actions. Plaintiff files this action to address Defendants' infringement of the Asserted Trademarks and NYAN CAT Works and to protect unknowing consumers from purchasing unauthorized counterfeit products over the

Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

11. Nyanify, Inc. is a Texas corporation having a principal place of business in Plano, Texas. Nyanify, Inc. acts as the sales, marketing, design and distribution arm for NYAN CAT products. Christopher Orlando Torres is an individual and resident of Texas. Mr. Torres is the Director and sole shareholder of Nyanify, Inc. Nyanify, Inc. and Mr. Torres are collectively referred to herein as "Plaintiff or "Nyanify."

12. Plaintiff has been in the business of developing, marketing, selling and distributing products bearing the Asserted Trademarks. Products that Plaintiff has sold under the Asserted Trademarks include those identified in the trademark certificates attached as Exhibits 1 - 3.

13. As a result of Plaintiff's substantial expenditures of time, money, and other resources developing, advertising, and otherwise promoting quality products in association with the Asserted Trademarks, products associated with the Asserted Trademarks are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

14. The Asserted Trademarks are distinctive and identify the merchandise as goods from Plaintiff. The Trademark Registrations constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the Asserted Trademarks pursuant to 15 U.S.C. § 1057 (b).

15. At all relevant times, Nyanify is, and has been, the owner of all valid and enforceable rights to the NYAN CAT Works, which contain copyrightable subject matter, including 2-D artwork depicting a cat with the body of a breakfast pastry.

**THE DEFENDANTS**

16. Defendants are individuals and business entities who, on information and belief, reside outside the United States. Defendants conduct business throughout the United States, including within Illinois and in this District, through the operation of online enterprises such as the Defendant Internet Stores.

17. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using infringing and counterfeit versions of the Asserted Trademarks and NYAN CAT Works in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their infringing operations and relatedness make it virtually impossible for Plaintiff to learn Defendants' true identities and the precise interworking of their counterfeit network.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

18. Plaintiff has identified numerous marketplace profiles associated with the Defendant Internet Stores on third-party platforms, such as eBay, Amazon, Wish and Dhgate. See Schedule A. Defendants use the Defendant Aliases and the Defendant Internet Stores to advertise, offer for sale, sell, and import Infringing Products to consumers in this District and throughout the United States.

19. According to an intellectual property rights seizures statistics report issued by U.S. Customs and Border Protection ("CBP"), the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2019 was over $1.5 billion, up from $1.4 billion in 2018. See Exhibit 5 (U.S. Customs and Border Protection Fiscal Year 2019 Seizure Statistics), p. 6.

20. CBP reports that over 90% of its intellectual property seizures correspond to smaller international mail and express shipments, such as those used by Defendants. See Exhibit 5 at p. 12. Counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

21. The Department of Homeland Security ("DHS") reports in a January 2020 publication on counterfeiting that commonly owned and/or interrelated enterprises have many online marketplace profiles that appear unrelated:

> Platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, nor to link one seller profile to other profiles owned by that same business, or by related businesses and owners. In addition, the party that appears as the seller on the invoice and the business or profile that appears on the platform to be the seller, may not always be the same. This lack of transparency allows one business to have many different profiles that can appear unrelated.

Exhibit 6 at p. 39 (Combating Trafficking in Counterfeit and Pirated Goods).

22. Defendants go to great lengths to operate anonymously and often use multiple Defendant Aliases to register and operate their networks of Defendant Internet Stores. Such Defendant Internet Store registration patterns are one of many common tactics Defendants use to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

23. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant Internet Stores use identical or equivalent language to sell Infringing Products.

24. In addition, the Infringing Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were

manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

25. On information and belief, Defendants communicate with each other and regularly participate in chat rooms and online forums regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

26. The Defendant Internet Stores also include other notable common features, including common payment methods, lack of contact information, identically or similarly-appearing products, identical or similarly priced items and volume sales discounts, and the use of the same text and images.

27. Defendants further perpetuate the illusion of legitimacy by offering indicia of authenticity that consumers have come to associate with authorized retailers, including Visa®, MasterCard®, and PayPal® logos. Plaintiff has not licensed or authorized Defendants to use or copy the Asserted Trademarks or NYAN CAT Works, and none of the Defendants are authorized retailers of genuine products.

28. Further, counterfeiters, such as Defendants, typically operate multiple credit card merchant accounts and payment service accounts behind layers of payment gateways so that they can continue operation notwithstanding enforcement efforts. Upon information and belief, counterfeiters, such as Defendants, maintain off-shore bank accounts and regularly move funds to evade enforcement of judgment.

29. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

30. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use and copy the Asserted Trademarks and NYAN CAT Works in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including to Illinois, and, on information and belief, each Defendant has offered to sell Infringing Products into the United States, including to Illinois.

31. Defendants' unauthorized use and counterfeiting of the Asserted Trademarks and NYAN CAT Works in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, including the sale of Infringing Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

32. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

33. Plaintiff is the exclusive owner of the Asserted Trademarks. The Registrations for the Asserted Trademarks (attached as Exhibits 1 - 3) are in full force and effect.

34. The marks used by Defendants in their promotion, advertising, marketing, offers for sale, and sale of the Infringing Products are identical with, or substantially indistinguishable from, the registered Asserted Trademarks.

35. Defendants have engaged in unauthorized uses in commerce of counterfeit imitations of the registered Asserted Trademarks in connection with the sales, offers for sale, distribution, and/or advertising of infringing goods.

36. The Asserted Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the Asserted Trademarks.

37. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the Asserted Trademarks without Plaintiff's authorization or permission.

38. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the Asserted Trademarks, and are willfully infringing and intentionally using counterfeits of the Asserted Trademarks despite such knowledge.

39. Defendants' willful, intentional and unauthorized use of the Asserted Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

40. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Asserted Trademarks.

42. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

43. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

44. Defendants' promotion, advertising, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiff.

45. By using the Asserted Trademarks in connection with the sale of Infringing Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

46. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

47. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

48. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

49. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Infringing Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or

misunderstanding as to an affiliation, connection, or association with genuine products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

50. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

51. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT IV
## INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATIONS
## (17 U.S.C. §§ 106 and 501(a), et seq.)

52. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

53. At all relevant times, Nyanify is, and has been, the owner of all valid and enforceable rights to the NYAN CAT Works, which contain copyrightable subject matter under 17 U.S.C. §§ 101 and 501, et seq.

54. The NYAN CAT Works have significant value and have been produced at considerable expense.

55. The NYAN CAT Works are the subject of valid certificates of copyright registrations, including the Copyright Registrations attached as Exhibit 4. Nyanify has complied with the registration requirements of 17 U.S.C. § 411(a) for the NYAN CAT Works.

56. Defendants do not have any ownership interest in the NYAN CAT Works.

57. Defendants have had access to the NYAN CAT Works, including via the internet.

58. Without authorization from Nyanify, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivative works of the NYAN CAT Works, as displayed in relation to the Defendant Internet Stores and the corresponding Infringing Products in violation of 17 U.S.C. § 501 and 17 U.S.C. § 106(1) - (3), (5).

59. Defendants' images, artwork and derivative works are virtually identical to and/or substantially similar to the NYAN CAT Works. Such conduct infringes and continues to infringe the NYAN CAT Works in violation of 17 U.S.C. § 501 and 17 U.S.C. § 106(1) - (3), (5).

60. Defendants reap the benefits of the unauthorized copying and distribution of the NYAN CAT Works in the form of revenue and other profits that are driven by the sale of Infringing Nyanify Products.

61. The Defendants have unlawfully appropriated Nyanify's protectable expression by taking material of substance and value and creating Infringing Nyanify Products that capture the total concept and feel of the NYAN CAT Works.

62. Upon information and belief, the Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to, Nyanify's rights.

63. The Defendants, by their actions, have damaged Nyanify in an amount to be determined at trial.

64. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

65. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Nyanify great and irreparable injury that cannot fully be compensated or measured in money. Nyanify has no adequate remedy at law.

66. Pursuant to 17 U.S.C. § 502 and 503, Nyanify is entitled to a preliminary and permanent injunction prohibiting further infringement of the NYAN CAT Works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Asserted Trademarks or NYAN Cat Works or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or not authorized by Plaintiff to be sold in connection with Plaintiff's Trademarks or NYAN Cat Works;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Asserted Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. further infringing Plaintiff's Asserted Trademarks and or NYAN Cat Works and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Trademarks, NYAN Cat Works or any reproductions, counterfeit copies or colorable imitations thereof.

2) Plaintiff further requests that Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through e, above.

3) Plaintiff further seeks entry of an order that, upon Plaintiff's request, any third party receiving notice who is providing, or has provided, services to any of the Defendants, or in connection with any of the ecommerce Internet stores operating under the Defendant Aliases, or other aliases operated by Defendants, including, without limitation, any online marketplace platforms, such as eBay, Amazon, Wish.com, and Dhgate, or third party payment processors, such as PayPal, Inc. ("PayPal"), DHPay, Wish.com, and Amazon Pay (collectively and hereinafter ("Third Party Providers"), shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of Infringing Products using the Asserted Trademarks or NYAN Cat Works, including any accounts associated with the Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products using the Asserted Trademarks or NYAN Cat Works; and

c. cooperate in Plaintiff's enforcement of any judgment in Plaintiff's favor as provided by the Court.

4) Plaintiff further requests that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Asserted Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

5) Alternatively, Plaintiff requests an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every counterfeit use of the Asserted Trademarks.

6) Plaintiff further requests that the Court enter judgment in favor of Plaintiff against Defendants that Defendants have: a) willfully infringed Plaintiff's exclusive rights to the NYAN Cat Works pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

7) Plaintiff further requests that Defendants account for and pay to Plaintiff actual damages, and/or all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, as may be proper under 17 U.S.C. §504;

8) In the alternative, Plaintiff seeks an award of statutory damages of $150,000 per work infringed, or for any such amount deemed proper under pursuant to 17 U.S.C. § 504;

9) Plaintiff also seeks an award of its reasonable attorneys' fees and costs.

10) Plaintiff also seeks an award of any and all other relief that this Court deems just and proper.

|  |  |
|---|---|
| DATED: July 12, 2021 | Respectfully submitted,<br><br>*/s/ Matthew A. Werber*<br>Matthew A. Werber (Ill. # 6287658)<br>mwerber@nixonpeabody.com<br>Ariel Roth (Ill. # 6327096)<br>aroth@nixonpeabody.com<br>**NIXON PEABODY LLP**<br>70 W. Madison St., Suite 3500<br>Chicago, IL 60602<br>Tel: (312) 977-4400<br>Fax: (312) 977-4405<br><br>***ATTORNEYS FOR PLAINTIFF*** |